KEATY, J.,
dissenting in part.
1 ] Although I agree that Harrell was injured as a result of the April 28, 2005 workplace accident, I respectfully dissent from the remainder of the majority opinion.
In Magee v. Abek, Inc., 04-2554, p. 5 (La.App. 1 Cir. 4/28/06), 934 So.2d 800, 807, writ denied, 06-1876 (La.10/27/06), 939 So.2d 1287, the first circuit noted that “[a] claimant’s lack of credibility on factual issues can serve to diminish the veracity of his complaints to a physician,” and that “in many cases, the credibility of the history given by the claimant to his physicians becomes as important as the medical opinions based in part on that history.”
In support of its claim that Harrell forfeited his right to continue receiving workers’ compensation benefits, Brookshire offered video surveillance showing Harrell participating in a multitude of strenuous activities with apparent ease. The surveillance also showed that while Harrell routinely used a cane at his doctor appointments and therapy visits, he quickly discarded his cane after those visits, and he did not use a cane around his yard.
The surveillance taken before and after Harrell’s July 9, 2008 IME visit with Dr. Karl Bilderback shows him ambling about his yard without using a cane, squatting down while washing his truck tires, and lifting a tire into the back of his [struck •with no apparent difficulty. In contrast, Harrell reported to Dr. Bilderback that his *423 pain was eight out of ten, that he had difficulty in forward bending, and that he needed to use his cane during the examination because he “was about to fall.” During testing and despite his statements to the contrary, Harrell’s reflexes and motor strength were normal and he reported more back pain than leg pain. Before Harrell’s scheduled appointment, Dr. Bild-erback read Harrell’s records from Drs. Michael Dole, Gerald Leglue, Rayland Beurlot, Anil Nanda, and James Quillin, along with some of Harrell’s physical therapy notes, Harrell’s two EMG/nerve conduction studies, and the films from his October 18, 2005 and September 5, 2006 lumbar MRIs. Based on his physical examination of Harrell, together with the information gleaned from Harrell’s medical records, Dr. Bilderback found no evidence to show that Harrell suffered from lumbar radiculopathy or that he was a surgical candidate. Given the fact that the records indicated that Harrell had tried various forms of conservative treatment such as physical therapy and epidural injections, none of which had provided him with lasting relief, Dr. Bilderback opined that Harrell had reached maximum medical improvement (MMI) with regard to his back. He also believed that Harrell could return to work in at least a medium capacity.
After Dr. Leglue released Harrell to return to work, Brookshire offered Harrell a position as an attendant at the fuel center of its Pineville store, a job which met the light/sedentary duty restriction set by Dr. Leglue. Harrell rejected the job.
Our supreme court noted, in regard to La.R.S. 23:1208, the workers’ compensation anti-fraud statute:
The legislature has determined workers’ compensation fraud is a severe and growing problem and has continually amended Section 1208 to make it easier to enforce and to make the penalties stiffer. It is clear from the history of the statute that the legislature intended that any false |.^statements or representations willfully made for the purpose of obtaining benefits would result in forfeiture of those benefits, and this legislative intent cannot be ignored.
Resweber v. Haroil Constr. Co., 94-2708, p. 8 (La.9/5/95), 660 So.2d 7, 12-13.
A workers’ compensation judge’s factual findings with regard to a claim of forfeiture of benefits are reviewed under the manifest error/clearly wrong standard. Doyal v. Venion Parish Sch. Bd., 06-1088 (La.App. 3 Cir. 2/7/07), 950 So.2d 902, writ denied, 07-832 (La.6/15/07), 958 So.2d 1190. After carefully reviewing the record, exhibits, and surveillance, the only conclusion that I can reach is that the information Harrell gave to his doctors regarding his pain and his abilities amounted to far more than mere exaggerations; it was gross misrepresentations of the truth made with the intent of obtaining and/or prolonging his entitlement to workers’ compensation benefits. Thus, I am convinced that the workers’ compensation judge committed manifest error in concluding that Harrell’s misrepresentations did not amount to fraud sufficient to forfeit his right to continue receiving workers’ compensation benefits.
Finally, I find it especially troubling that Harrell often included one or more members of his family, including his children, in his perpetration of fraud, vacillating between ambulating with great ease one moment and pretending to struggle with significant and debilitating pain the next.